**Hearing Date & Time:**
**Date: December 20, 2017**
**Time: 2:30 pm**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
In Re:                                                          Confirmed Chapter 11

**DEONARINE PARASRAM D/B/A**                   Case No. 16-42657(CEC)
**VANDI SALES D/B/A**
**PARASRAM STORE,**

                              **Debtor.**
------------------------------------------------------------x

**NOTICE OF HEARING OF APPLICATION OF RANDY BRISMAN, AS PLAN PROPONENT, AND SHAFFERMAN & FELDMAN LLP FOR A FIRST AND FINAL AWARD OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES PURSUANT TO SECTION 503(b) OF THE BANKRUPTCY CODE**

**PLEASE TAKE NOTICE**, that a hearing will be held before **Hon. Carla E. Craig, Chief United States Bankruptcy Judge at the United States Bankruptcy Court, 271-C Cadman Plaza East, Courtroom 3529, Brooklyn, New York 11201 on December 20, 2017 at 2:30 pm**, or as soon thereafter as counsel may be heard, on the application of Shafferman & Feldman LLP ("S&F"), as counsel for Randy Brisman ("Brisman"), creditor of Deonarine Parasram d/b/a Vandi Sales d/b/a Parasram Store ("Debtor") and proponent of the Confirmed Second Amended Liquidating Plan of Reorganization for the Debtor [ECF Doc #248] (the "Plan") for a First and Final Allowance Of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred From July 6, 2016 through November 27, 2017 pursuant to

section 503(b) of title 11 of the United States Code; and granting Brisman and S&F such other and further relief as this Court deems just and proper (the õApplicationö).

**PLEASE TAKE FURTHER NOTICE** that any objections to the Application must be in writing and shall state with particularity the grounds therefor, and, pursuant to General Order No. M-182 re: Electronic Case Filing Procedures (as amended from time to time), objections to the Applications (formatted with Adobe Acrobat, rider 3.0) shall be filed with the Clerk of the Bankruptcy Court, at http:// www.nyeb.uscourts.gov (with a copy to Chambers), and served upon and received by counsel for Brisman, Shafferman & Feldman LLP, 137 Fifth Avenue, 9th Floor, New York, New York 10010, Attn: Joel M. Shafferman, Esq.; and the United States Trusteeøs Office, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Mary Lou Martin, Esq., no later than 5:00 P.M. seven (7) days prior to the Hearing Date.

DATED:    New York, New York
          November 27, 2017

                                            SHAFFERMAN & FELDMAN LLP
                                            Counsel for Randy Brisman, as Plan Proponent
                                            137 Fifth Avenue, 9th Floor
                                            New York, New York 10010
                                            (212) 509-1802

                                            By: Joel M. Shafferman_____
                                               Joel M. Shafferman (JMS-1055)

**Hearing Date & Time:**
**Date: December 20, 2017**
**Time: 2:30 pm**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
In Re:                                              **Confirmed Chapter 11**

**DEONARINE PARASRAM D/B/A**          Case No. 16-42657(CEC)
**VANDI SALES D/B/A**
**PARASRAM STORE,**

                                **Debtor.**
-----------------------------------------------------------x

<u>**APPLICATION OF RANDY BRISMAN, AS PLAN PROPONENT,**
**AND SHAFFERMAN & FELDMAN LLP FOR A FIRST AND**
**FINAL AWARD OF COMPENSATION FOR SERVICES**
**RENDERED AND REIMBURSEMENT OF EXPENSES**
**PURSUANT TO SECTION 503(b) OF THE BANKRUPTCY CODE**</u>

**TO:     THE HONORABLE CARLA E. CRAIG,**
        **CHIEF UNITED STATES BANKRUPTCY JUDGE:**

Shafferman & Feldman LLP ("S&F"), as counsel for Randy Brisman ("Brisman" or the "Plan Proponent"), creditor of Deonarine Parasram d/b/a Vandi Sales d/b/a Parasram Store ("Debtor") and proponent of the confirmed Second Amended Liquidating Plan of Reorganization for the Debtor [ECF Doc #248] (the "Plan") for a First and Final Allowance of Compensation For Professional Services Rendered and Reimbursement of Actual And Necessary Expenses Incurred from July 6, 2016 through November 27, 2017 (the "Application"); and granting Brisman and S&F such other and further relief as this Court deems just and proper (the "Application"), represents as follows:

3

## Jurisdiction and Relief Requested

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. § 1408. This matter is core pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (L) and (O). The statutory predicates for the relief requested herein is section 503 of the Bankruptcy Code.

## Background

### The Debtor

2. The Debtor is an individual, who alleges to reside at 177-07 Jamaica Avenue, Jamaica New York. The Debtor further alleges to be the owner and sole proprietor of three (3) separate businesses.

### The Debtor's Real Estate Rental Business

3. The Debtor's first business consists of the ownership and operation of nine (9) separate parcels of mixed-use investment properties. The first group of the Debtor's real properties consider of the SDF Properties, which were encumbered by mortgages held by SDF62 Jamaica Avenue LLC ("SDF").

### The SDF Properties

4. The SDF Properties consist of the real properties commonly known as and located at (i) 177-03 Jamaica Avenue, Jamaica, New York 11432 (Block: 9812, Lot: 3) (the "177-03 Jamaica Avenue Property"); (ii) 177-07 Jamaica Avenue, Jamaica, New York 11432 (Block: 9812, Lot: 1) (the "177-07 Jamaica Avenue Property"); (iii) 178-08 & 178-10 Jamaica Avenue, Jamaica, New York 11432 (Block: 10317, Lot: 10) (the "178-08 Jamaica Avenue Property"); (iv) 196-17 Jamaica Avenue, Jamaica, New York 11432 (Block: 10464, Lot: 42) (the "196-17 Jamaica Avenue

Property"); (v) 196-19 Jamaica Avenue, Jamaica, New York 11432 (Block: 10464, Lot: 41) (the "196-19 Property"); (vi) 211-79 Jamaica Avenue a/k/a 94-44/94-50 212th Street, Hollis, New York 11423 (Block: 10546, Lot: 60) (the "211-79 Jamaica Avenue Property"); and (vii) 212-53 Jamaica Avenue, Jamaica, New York 11432 (Block: 10602, Lot: 33) (the "212-53 Jamaica Avenue Property").

3.     Each of the seven (7) SDF Properties is encumbered by a separate mortgage loan given by the Debtor to a predecessor-in-interest of SDF, upon which the Debtor has defaulted, causing SDF to commence seven (7) separate foreclosure actions against the Debtor. Through the aforementioned foreclosure actions, the Debtor has secured Judgments of Foreclosure and Sale in connection with each of the SDF Properties. In light of the extensive history involving loans and litigation surrounding the SDF Properties, additional information pertaining to each one of the individual loans pertaining to the SDF Properties, the Debtor's default thereunder, and the foreclosure actions (the "SDF Foreclosure Actions"), may be obtained by a review of SDF's Application for Relief from the Automatic Stay filed with this Court on November 11, 2016 [ECF No. 53]. A foreclosure sale of the SDF Properties took place on 6/30/17, at which sale, SDF was the successful bidder. After the foreclosure sale, SDF was approached by third party purchasers, who sought to acquire SDF's winning bids from the sale. One of those parties entered into an agreement with SDF as of August 8, 2017 with a 30 day time of the essence closing date.

**The Non SDF-Properties**

4.     In addition to the SDF Properties, the Debtor holds title to two (2) additional parcels of real property which are not encumbered by SDF's liens commonly known as (i) 107-50 Sutphin Blvd., Jamaica, New York 11435 [Block 11945; Lot 61] (the "107-50 Sutphin Blvd. Property"),

and (ii) 89-29 181st Street, Jamaica, New York 11423 [Block 10456; Lot 65] (the "89-29 191st Property")(the"Non-SDF Properties").

5. Through preliminary research, the Plan Proponent has determined that significant equity may exist in the Non-SDF Properties. In point of fact, based upon discussions with Richard Maltz of Maltz Auctions, the Plan Proponent is of the belief that the 107-50 Sutphin Blvd. Property should properly be valued at $450,000-500,000. In addition, based upon discussions with Maltz, the 89-29 181st Street Property is believed to be valued at $625,000-$650,000. Therefore, the aggregate estimated value of the Non-SDF Properties is believed to be in excess of $1,000,000.00.

**The Receivers and the SDF Properties**

6. In connection with the SDF Foreclosure Actions, the State Court appointed Michael A. Padernacht ("Padernacht") to take custody, possession and control over the 177-03 Property, the 177-07 Property, the 178-08 Property, the 196-19 Property and the 212-53 Property.

7. In addition, in connection with the SDF Foreclosure Actions, the State Court appointed Sean O'Toole ("O'Toole") to take custody, possession and control over the 196-17 Property.

8. Upon information and belief, at all times, the Debtor has remained in custody, possession and control of the 211-79 Property, and the Non-SDF Properties.

**The Debtor's Bankruptcy Filing**

9. On June 16, 2016 (the "Petition Date"), the Debtor filed for Chapter 11 bankruptcy relief before this Court under Case No. 1:16-42657-cec, for the express purposes of staying a foreclosure auction which was scheduled for the middle of June 2016, with regard to the 178-08 Property.

**Significant Events in the Debtor's Chapter 11 Case**

10. On the Petition Date, the Debtor filed his skeletal petition, and the Bankruptcy Court directed that the Debtor file all outstanding schedules by or before June 30, 2016. On June 23, 2016, the Bankruptcy Court entered an Order [ECF No. 7] granting the Debtor a Temporary Exemption from Credit Counseling Requirement, which extended the Debtor's time to comply with his obligations pursuant to 11 U.S.C. § 109(h), through and including July 18, 2016. Notably, the Debtor failed to file his credit counseling certificate [ECF No. 26] until August 3, 2016.

11. On August 31, 2016, the Debtor filed his Motion to Use Cash Collateral [ECF No. 30] ("Cash Collateral Motion"), to which SDF objected, and upon which a hearing was held on October 20, 2016. Although the Debtor and SDF claim to have been collaborating on a proposed Order, no such Order has been entered resolving the Debtor's Cash Collateral Motion.

12. On September 19, 2016, the Bankruptcy Court entered an Order [ECF No. 33] authorizing the Debtor's retention of the Law Firm of Frederick P. Stern.

13. On October 8, 2016, this Court entered an Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof, as November 21, 2016 (the "Bar Date").

14. On November 7, 2016, the Debtor filed a motion [ECF No. 50] (the "Turnover Motion") seeking to compel the Receivers to turn over the SDF Properties to the Debtor. At a hearing held in connection with the Turnover Motion, the Court directed that the Debtor retain custody, possession and control over the 177-03 Property, the 177-07 Property and the 211-79 Property. Notwithstanding, no order has been entered in connection therewith.

15. On December 7, 2016, the Debtor filed his first Disclosure Statement [ECF No.82] (the "Debtor's Disclosure Statement") and Chapter 11 Plan of Reorganization [ECF No. 81] (the "Debtor's Plan"). At a hearing held on December 7, 2016, the Bankruptcy Court directed the Debtor to file an amended Chapter 11 Plan and Disclosure Statement. In furtherance thereof, the Bankruptcy Court entered a Scheduling Order directing the Debtor, inter alia, to file an amended proposed plan and disclosure statement, all outstanding operating reports, file all outstanding tax returns from 2007 through current and a statement of monthly income and expenses at the Properties. That scheduling order further advised that the Debtor's failure to comply may be cause for granting relief from that automatic stay, dismissal, or the appointment of a Chapter 11 Trustee, and scheduled a hearing on the foregoing issues on December 21, 2016.

16. On December 22, 2016, this Court entered an Order extending the Exclusive Periods in which the Debtor could file a Chapter 11 Plan through and including December 7, 2016.

17. On January 5, 2017, the Court entered an Order in favor of SDF, granting relief from the automatic stay in connection with the SDF Properties. On May 11, 2017 SDF served Notices of Sale with respect to the SDF Properties.

18. Foreclosure sale of the SDF Properties took place on 6/30/17, at which sale, SDF was the successful bidder. After the foreclosure sale, SDF was approached by third party purchasers, who sought to acquire SDF's winning bids from the sale. One of those parties entered into an agreement with SDF as of August 8, 2017 with a thirty (30) day time of the essence closing date. The undersigned is not sure whether this prospective sale has closed.

19. The Debtor continued to remain in custody, possession and control over the Non-SDF Properties, the Store, the Market, and any other assets of his estate as a debtor-in-possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**Brisman's Taking A Leadership Role in the Debtor's Chapter 11 Case**

20. After this Court made a determination that the Debtor's exclusive periods to file and confirm a plan in this case had terminated, on March 22, 2017 Brisman filed a Liquidating Plan of Reorganization for the Debtor (the "Initial Brisman Plan") and Disclosure Statement to Accompany the Plan (the "Initial Brisman Disclosure Statement") (ECF ## 148 and 149). The hearing to consider approval of the Initial Brisman Disclosure Statement was scheduled for April 19, 2017.

21. In accordance with colloquy the undersigned counsel had with the Court at the hearing held on April 19, 2017 in connection with approval of the Initial Brisman Disclosure Statement, Brisman revised the Initial Brisman Plan and Initial Brisman Disclosure Statement to provide for a public sale of all of the Debtor's assets.

22. On May 3, 2017, the undersigned counsel for Brisman filed a First Amended Liquidating Plan of Reorganization for the Debtor and Disclosure Statement to Accompany the Plan (the "First Amended Brisman Disclosure Statement") (ECF ## 183 and 184).

23. As a plan proponent, it became important for Brisman to obtain a determination of the universe of claims in the Debtor's case as soon as practicable. For that reason, on April 24, 2017, Brisman filed a motion seeking an order of this Court requiring the Debtor to: (1) amend Schedule D to remove Hamiraj Persuad's ("Persuad") alleged secured claim; and (2) amend Schedule F to remove Bedessee Imports Inc. ("Bedessee") and Caribbean Foods Distributors' ("CFD") alleged unsecured claims (ECF # 175). Due to the Court's procedural concerns, this

motion was revised to be a motion, dated July 3, 2017, seeking an order of this Court expunging or reducing the scheduled claims of Persuad, in the amount of $125,000; Bedessee, in the amount of $74,000; and Caribbean Foods, in the amount of $28,000. (ECF # 241).

24. On May 17, 2017, Brisman filed an objection to the Debtor's competing Disclosure Statement Accompanying the Debtor's Third Amended Plan of Reorganization on the basis that it violated critical provisions of section 1129 of the Bankruptcy Code (ECF # 209).

25. Subsequent to a hearing held on June 14, 2017, this Court issued a Scheduling Order, dated June 21, 2017 (ECF Doc. #237), requiring Brisman to file his First Amended Creditor's Plan and Accompanying Disclosure Statement (which had been previously been attached as exhibits to Brisman's response (ECF# 222) to certain objections interposed to the First Amended Brisman Disclosure Statement). The June 21, 2017 Scheduling Order also set: (i) a deadline of July 14, 2017 for the Debtor to file any amended competing plan and disclosure statement; and (ii) a deadline of August 2, 2017 for any parties in interest, including the Debtor, to object to Brisman's First Amended Creditor's Plan and Accompanying Disclosure Statement.

26. The Debtor failed to either file any amended plan and disclosure statement and objection to the First Amended Brisman Disclosure Statement by the August 2, 2017 deadline, established in the Scheduling Order.

27. The hearing to consider approval of the First Amended Brisman Disclosure Statement was held on August 9, 2017 at 3:30 pm. The Debtor and his counsel were present at this hearing, and although having failed to file any written objection to Brisman's First Amended Disclosure Statement, raised certain objections verbally at the hearing (the "Verbal Objection"), This Court overruled virtually all of the Verbal Objections at the August 9, 2017 hearing.

28. At the conclusion of this August 9, 2017 hearing, this Court set a deadline of August 18, 2017 for Brisman to file a revised plan and disclosure statement updating the factual posture of the case, including the foreclosure sale held by SDF, and incorporating the Court's comments made at the August 9, 2017 hearing, along with redlined copies of the revised plan and disclosure statement.

29. On August 17, 2017, the undersigned counsel for Brisman filed the Second Amended Brisman Disclosure Statement (the "Disclosure Statement") and Second Amended Brisman Plan (the "Plan"), along with redlined copies (ECF ##248-253), and circulated the documents to all interested parties by email.

30. To further the plan process which contemplates a liquidation of all of the Debtor's assets, on August 28, 2017, Brisman filed and served an application seeking to approve his retention to employ Maltz Auctions, Inc., d/b/a Maltz Auctions as broker. (ECF# 254). The Order was approved by this Court on October 19, 2017 (ECF# 274)

31. Although this Court overruled the Verbal Objections at the August 9, 2017 hearing, the Debtor filed an objection to the Second Amended Disclosure Statement on September 5, 2017 (ECF Doc. #255). Presumably recognizing that the Debtor's September 5, 2017 objection rehashed the same arguments that were rejected by this Court at the August 9, 2019 hearing, and was interposed for the improper purpose of causing delay and frustrating Brisman and creditors from receiving a distribution in this case; by order dated September 8, 2017, this Court approved the Disclosure Statement (ECF Doc. #256).

32. Having failed to confirm a plan in this case, in an attempt to escape the prospect of losing all of remaining assets, on September 21, 2017, the Debtor filed a motion seeking to dismiss

his Chapter 11 case (the õDismissal Motionö)(ECF #261).  Most of the arguments which were rejected by this Court twice were yet again recycled in the Dismissal Motion.  Brisman, as well as the New York City Department of Law filed objections to the Dismissal Motion (ECF ## 266 and 267).

33.	On October 5, 2017, the undersigned counsel for Brisman filed a Ballot Report and Memorandum of Law in Support of confirmation of the Second Amended Brisman Plan (ECF ##270 and 271). At a hearing held before this Court on October 11, 2017, this Court confirmed the the Second Amended Brisman Plan, over the verbal objections of the Debtor, and denied the Dismissal Motion.  On November 2, 2017, this Court signed an order confirming the Second Amended Brisman Plan on (ECF #275).

## First and Final Application For Allowance

34.	Since July 6, 2016, when S&F was retained by Brisman to represent in connection with this Chapter 11 case, S&F expended $37,635.00 in professional services rendered in relation to this case.

35.	All services for which compensation is sought were performed for, and on behalf of Brisman and not on behalf of any other party in interest, except to the extent that Brisman is also the Plan Proponent of a confirmed Plan to which benefits other creditors and the Debtor.

NLPC and Applicant have not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services in these cases.

36. S&F respectfully submits that the professional services rendered by S&F as described herein, and documented on the time sheets, a copy of which is attached hereto as **Exhibit "A"** were reasonable, necessary and valuable to the Debtor's estate.

37. The rates set forth above are charged by S&F and accepted by its clients on routine, uncomplicated matters, without considering size of the case and degree of responsibility, difficulty, complexity, and results achieved. In fact the rate to Brisman reflects an 18.75 % discount for Joel Shafferman's current billing rates standard rates.

38. Expenses for the Compensation Period total $397 and are set forth in Exhibit "A".

39. After S&F established to the Court's satisfaction that the Debtor's exclusive time to file a plan had expired, Brisman filed his own plan, as an alternative to the Debtor's plan. Thereafter, S&F prepared numerous versions of a disclosure statement in support of a creditor plan of reorganization. The disclosure statement was circulated numerous times between all the participating parties in this case and revised to accommodate everyone to the extent possible. Many efforts were taken to get the disclosure statement approved by the Court.

40. Similarly, numerous drafts of the creditor's plan was prepared, circulated and revised many times to accommodate all the participating parties and the Court to the extent possible. S&F was required to expend a great amount of time to ensure that the plan was confirmed.

42. S&F also spent a significant amount of time was appearing in Court for status conferences, hearings relating to disclosure statements, plan confirmation and claims objections that Brisman filed.

## Certification of Counsel

43. A certification of Joel Shafferman, submitted pursuant to the US Trustee Guidelines and section 504 of the Bankruptcy Code, is attached to this application. S&F believes that this Application substantially complies with the local rules of this Court and the United States Trustee guidelines for fee applications. To the extent there has not been material compliance with any particular rule or guideline, S&F respectfully requests a waiver or an opportunity to cure.

44. Joel M. Shafferman is a 1985 graduate of Hofstra Law School, and has been practicing in the area of bankruptcy since graduating from law school. He was admitted to practice to both the Courts of this State as well as the United States District Courts for the Southern and Eastern Districts of New York in 1986. Joel M. Shafferman previously clerked for Honorable Marvin A. Holland, a United States Bankruptcy Judge in the Eastern District of New York. Joel M. Shafferman has represented debtors, creditors and trustees for almost over twenty nine (29) years and has litigated cases on behalf of debtors, creditors and trustees.

## **Reasonableness Of Compensation**

45. Section 330(a)(1) of the Bankruptcy Code provides that a court may award a professional employed in the case under section 1103 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses."

46. Section 330(a)(3) further provides guidelines for awarding such fees and expenses: In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and value of such services, taking into account all relevant factors, including:

(A)     the time spent on such services;

(B)     the rates charged for such services;

14

(C)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(E)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

47.     Additional factors courts consider when awarding fees include the time and labor required, the novelty and difficulty of questions, the skill requisite to perform the legal services properly, the preclusion of other employment by S&F due to acceptance of the current case, the customary fee, whether the fee is fixed or contingent, time limitations imposed by the client or other circumstances, the amount involved and results obtained, the experience, reputation and ability of the attorneys, the õundesirabilityö of the case, and the nature and length of professional relationship. See, e.g., Am. Benefit Life Ins. Co. v. Baddock (In re First Colonial Corp. of Am.), 544 F.2d 1291, 1298-99 (5th Cir. 1977); In re Nine Assocs., Inc., 76 B.R. 943, 945 (S.D.N.Y. 1987).

## Brisman Is Entitled To Reasonable Attorneys' Fees and Expenses Incurred by S&F and Him Because The Fees Were For The Benefit of The Estate

48.     S&F submits that measured at the time the services were rendered, the professional services rendered were reasonable, necessary, and benefited the Debtorøs estates.

49     Section 503(B)(3)(d) of the Bankruptcy Code provides that a creditorøs claim shall be allowed, as an administrative claim, for actual and necessary expenses incurred by the creditor in

making a "substantial contribution" in a chapter 11 case. Courts in this circuit have considered the following factors in determining whether a party has made a "substantial contribution" under § 503(b): " (1) whether the services benefitted the estate itself or all of the parties in the bankruptcy case; (2) whether the service resulted in a direct, significant, and demonstrably positive benefit for the estate; and (3) whether the services duplicated the efforts by others." In re Hancock Street SML LLC, 2016 WL 6271329, at *6 (Bankr. E.D.N.Y. Oct. 25, 2016)(quoting Bedford JV, LLC v. Sky Lofts, LLC, 2013 WL 4735643, at *4 (E.D.N.Y. Sept. 3, 2013)).

50.    A substantial contribution " must be more than an incidental one arising from activities the applicant has pursued in protecting his or her own interests."" In re Hancock Street SML LLC, 2016 WL 6271329, at *7 (quoting In re Dana Corp., 390 B.R. 100, 108 (Bankr. S.D.N.Y. 2008)). Courts have that a creditor made a "substantial contribution" where the creditor played "a leadership role that would normally be expected of an estate-compensated professional." In re Hancock Street SML LLC, 2016 WL 6271329, at *7 (citing In re Bayou Grp., LLC, 431 B.R. 549, 562 (Bankr. S.D.N.Y. 2010)). This includes activities such as active facilitation and negotiation of a confirmed plan, or efforts to oppose a plan that resulted in a more favorable one. In re Hancock Street SML LLC, 2016 WL 6271329, at *7 (citing In re Granite Partners, 213 B.R. 440, 446–47 (Bankr. S.D.N.Y. 1997)).

52.    As set forth above and below, S&F as counsel for Brisman is entitled to the requested attorney's fees and expenses because its efforts substantially contributed to the Estate. Specifically, S&F performed services for Brisman, the Plan Proponent of the confirmed Plan which provides more for each creditor than they would get in any other matter. See In re R.L. Adkins Corp., 505 B.R. 770 (2014) (awarding an attorney of a Plan Proponent an award for attorney's fees

under section 11 U.S.C.A. 503); see also <u>In re Granite Partners</u>, 213 B.R. at 447 (party's attorney was entitled to a substantial contribution award for the services in connection with the work on the disclosure statement, the plan and the related settlements).

53.  Pursuant to the Plan, the Non SDF Properties will be sold a public auction presumably in January, 2018. To the extent there are surplus monies from the sale the Debtor will be entitled to surplus monies.

54.  Consideration of the above factors should result in this Court's allowance of the full compensation sought herein pursuant to sections 330 and 503(B)(3)(d) of the Bankruptcy Code.

**WHEREFORE**, Brisman requests that this Court enter an order (i) granting a first and final allowance of $40,729.50 in fees incurred for professional services rendered during the Compensation Period and an additional 100% of disbursements totaling $397 made by Brisman in the Compensation Period and (ii) directing such other relief as to this Court shall seem just and proper.

Dated: New York, New York
       November 27, 2017

                            **SHAFFERMAN & FELDMAN LLP**
                            Counsel to Randy Brisman

              By:   /S/ Joel M. Shafferman
                          Joel M. Shafferman, Esq.
                          137 Fifth Avenue, 9th Floor
                          New York, New York 10010
                          (212) 509-1802

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
**In Re:**                                                                                    **Confirmed Chapter 11**

**DEONARINE PARASRAM D/B/A**                              **Case No. 16-42657(CEC)**
**VANDI SALES D/B/A**
**PARASRAM STORE,**

                        **Debtor.**
-----------------------------------------------------------x

**CERTIFICATION REQUIRED BY THIS**
**DISTRICT'S GUIDELINES FOR FEES AND**
**<u>DISBURSEMENTS FOR PROFESSIONALS</u>**

        Joel M. Shafferman, makes the following certification pursuant to the guidelines for fees and disbursements for professionals in the Southern District of New York Bankruptcy Cases promulgated by the Board of Judges of this District on June 20, 1991(the "Judges Rules") and the United States Trustee Guidelines For Reviewing Applications For Compensation And Reimbursement Of Expenses Filed Under 11 U.S.C. sec. 330, issued on January 30, 1996, as amended by General Order M389 issued on November 24, 2009 (the "U.S.T. Guidelines" and collectively with the Judges Rules, the "Guidelines"), with respect to the Application of Shafferman & Feldman LLP (õS&Fö) for a First and Final Allowance Of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred From July 6, 2016 through November 27, 2017.

        1.      I am a member of the firm of S&F, counsel to Randy Brisman, a creditor and

successful plan proponent in the above-captioned Chapter 11 Case. S&F has designated me, the responsibility for compliance with the Guidelines in this case.

2.    I have read the Application. To the best of my knowledge, information and belief formed after reasonable inquiry, the Application complies with the mandatory Guidelines in all ways. To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Guidelines. The fees and disbursements sought herein are billed at rates in accordance with the practices customarily employed by S&F and generally accepted by S&F's clients.

3.    The fees and disbursements sought in the Application are billed at rates and in accordance with practices customarily employed by Applicant and generally accepted by Applicant's clients.

4.    In providing a reimbursable service, Applicant does not make a profit on the service, whether the service is performed by Applicant in-house or through a third party.

5.    Randy Brisman has been advised of the accompanying Fee Application and has been provided with a copy of the Application 12 days prior to the hearing date of this Application.

6.    I certify that S&F's time records were kept in accordance with Guidelines 1, 2, 3 and 4 of the portion of the Judges Rules entitled "Time Records Required to Support Fee Applications" and the applicable provisions of the U.S.T. Guidelines.

7.    S&F's Fee Application complies with Guidelines 1(a) and 1(b) and 3 of the portion of Judges Rules entitled "Description of Services Rendered" and the applicable provisions of the U.S.T. Guidelines.

8. No reimbursement for proof-reading services is sought by the Application.

**DATED:**    New York, New York
November 27, 2017

                                                        **/S/ Joel M. Shafferman**
                                                        Joel M. Shafferman (JMS-1055)