**Hearing Date & Time:**
**Date: December 20, 2017**
**Time: 2:30 pm**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
In Re:                                                               Confirmed Chapter 11

**DEONARINE PARASRAM D/B/A**                Case No. 16-42657(CEC)
**VANDI SALES D/B/A**
**PARASRAM STORE,**

                               **Debtor.**
-----------------------------------------------------------x

**NOTICE OF PLAN PROPONENT RANDY BRISMAN'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING: AN AUCTION SALE FOR: (I) THE REAL PROPERTIES LOCATED AT 107-50 SUTPHIN BOULEVARD, JAMAICA, NEW YORK 11435, DESIGNATED BLOCK 11945, LOT 61; AND 89-29 191st STREET, HOLLIS, NEW YORK 11423, DESIGNATED BLOCK 10456, LOT 65,; (II) THE VANDI RELIGIOUS GOODS BUSINESS; (III) PARASRAM'S GUYANESE AND WEST INDIAN MARKET, FREE AND CLEAR OF ALL MONETARY LIENS, CLAIMS AND ENCUMBRANCES, WITH SUCH MONETARY LIENS, CLAIMS AND ENCUMBRANCES TO ATTACH TO THE PROCEEDS OF SALE; AND (IV) APPROVING THE BIDDING PROCEDURES FOR THESE ASSETS**

**PLEASE TAKE NOTICE** that, on November 27, 2017, Randy Brisman ("Brisman"), creditor of Deonarine Parasram d/b/a Vandi Sales d/b/a Parasram Store and proponent of the Confirmed Second Amended Liquidating Plan of Reorganization for the Debtor filed an application seeking the entry of an order, in accordance with §§ 105, and 363 and 365 of title 11, United States Code (the "Bankruptcy Code"), Federal Rules of Bankruptcy Procedure 2002, 6004, and 6006, Local Rule 6004-1: (a) authorizing and approving the terms and conditions for the sale for: (i) the real properties known as and located at 107-50 Sutphin Boulevard, Jamaica, New York 11435, designated Block 11945, Lot 61; and 89-29 191st Street, Hollis, New York 11423, designated

1

Block 10456, Lot 65; (ii) the Vandi Religious Goods Business; and (iii) the Parasram's Guyanese and West Indian Market; with all these assets being sold free and clear of all momentary liens, claims and encumbrances, with such monetary liens, claims and encumbrances to attach to the proceeds of sale; (b) approving the bidding procedures for the sale of these assets; and (c) granting Brisman such other and further relief as this Court deems just and proper (the "Application"); and Brisman will move before **Hon. Carla E. Craig, Chief United States Bankruptcy Judge at the United States Bankruptcy Court, 271-C Cadman Plaza East, Courtroom 3529, Brooklyn, New York 11201 on December 20, 2017 at 2:30 pm**, for approval of the relief sought in the Application.

**PLEASE TAKE FURTHER NOTICE** that any objections to the Application must be in writing and shall state with particularity the grounds therefor, and, pursuant to General Order No. M-182 re: Electronic Case Filing Procedures (as amended from time to time), objections to the Applications (formatted with Adobe Acrobat, rider 3.0) shall be filed with the Clerk of the Bankruptcy Court, at http:// www.nyeb.uscourts.gov (with a copy to Chambers), and served upon and received by counsel for Brisman, Shafferman & Feldman LLP, 137 Fifth Avenue, 9th Floor,

New York, New York 10010, Attn: Joel M. Shafferman, Esq.; and the United States Trustee's Office, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Mary Lou Martin, Esq., no later than 5:00 P.M. seven (7) days prior to the Hearing Date.

DATED:    New York, New York
          November   , 2017

                          SHAFFERMAN & FELDMAN LLP
                          Counsel for Randy Brisman, as Plan Proponent
                          137 Fifth Avenue, 9th Floor
                          New York, New York 10010
                          (212) 509-1802
                          By: Joel M. Shafferman_____
                            Joel M. Shafferman (JMS-1055)

**Hearing Date & Time:**
Date: December 20, 2017
Time: 2:30 pm

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------x
In Re:                                                                      Confirmed Chapter 11

**DEONARINE PARASRAM D/B/A**                     Case No. 16-42657(CEC)
**VANDI SALES D/B/A**
**PARASRAM STORE,**

                           **Debtor.**
----------------------------------------------------------x

**APPLICATION OF RANDY BRISMAN, AS PLAN PROPONENT, FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING: AN AUCTION SALE FOR: (I) THE REAL PROPERTIES LOCATED AT 107-50 SUTPHIN BOULEVARD, JAMAICA, NEW YORK 11435, DESIGNATED BLOCK 11945, LOT 61; AND 89-29 191st STREET, HOLLIS, NEW YORK 11423, DESIGNATED BLOCK 10456, LOT 65, ; (II) THE VANDI RELIGIOUS GOODS BUSINESS; (III) PARASRAM'S GUYANESE AND WEST INDIAN MARKET, ALL FREE AND CLEAR OF ALL MONETARY LIENS, CLAIMS AND ENCUMBRANCES, WITH SUCH MONETARY LIENS, CLAIMS AND ENCUMBRANCES TO ATTACH TO THE PROCEEDS OF SALE; AND (IV) APPROVING THE BIDDING PROCEDURES FOR THESE ASSETS**

**TO:**     **THE HONORABLE CARLA E. CRAIG,**
          **CHIEF UNITED STATES BANKRUPTCY JUDGE:**

Randy Brisman ("Brisman" or the "Plan Proponent"), a creditor of Deonarine Parasram d/b/a Vandi Sales d/b/a Parasram Store ("Debtor") and proponent of the confirmed Second Amended Liquidating Plan of Reorganization for the Debtor, as and for his application seeking the entry of an order, in accordance with §§ 105, 363, and 365 of title 11, United States Code (the "Bankruptcy Code"), Federal Rules of Bankruptcy Procedure 2002, 6004, and 6006, Local Rule 6004-1: (a) authorizing and approving the terms and conditions for the sale for: (i) the real

properties known as and located at 107-50 Sutphin Boulevard, Jamaica, New York 11435, designated Block 11945, Lot 61 (the "Sutphin Blvd Property"); and 89-29 191st Street, Hollis, New York 11423 (the "191st Street Property"), designated Block 10456, Lot 65; (ii) the Vandi Religious Goods Business ("Vandi Business"); and (iii) the Parasram's Guyanese and West Indian Market ("Parsaram Market") (collectively the "Assets"); with all of the Assets being sold free and clear of all momentary liens, claims and encumbrances, with such monetary liens, claims and encumbrances to attach to the proceeds of sale; (b) approving the bidding procedures for the sale of the Assets; and granting Brisman and S&F such other and further relief as this Court deems just and proper, respectfully represents as follows:

## Jurisdiction and Statutory Predicate

1. This Court has jurisdiction to hear this motion under 28 U.S.C. §§157(a) and 1334, and the Order of Reference of the United Stated District Court for the Eastern District of New York, dated December 5, 2012 (Amon, C.J.). This is a core proceeding pursuant to 28 U.S.C. §157(b). The statutory predicate for the relief sought herein is 11 U.S.C. §§105, 363(b) and (f), and 365(a), (b), and (f), and Federal Rules of Bankruptcy Procedure 2002, 6004, and 6006.

2. The statutory predicates for the relief requested herein are Bankruptcy Code §§105, 363, and 365, Bankruptcy Rules 2002 and 6004, and Local Rule 6004-2.

## Background

**The Debtor**

3. The Debtor is an individual, who alleges to reside at 177-07 Jamaica Avenue, Jamaica New York. The Debtor further alleges to be the owner and sole proprietor of three (3) separate businesses.

4.      The Debtor currently holds title to two (2) parcels of real property known as and located at (i) 107-50 Sutphin Blvd., Jamaica, New York 11435 [Block 11945; Lot 61] (the "107-50 Sutphin Blvd. Property"), and (ii) 89-29 191st Street, Hollis, New York 11423 [Block 10456; Lot 65] (the "89-29 191st Property")(the"Non-SDF Properties").

5.      Through preliminary research, the Plan Proponent has determined that significant equity may exist in the Non-SDF Properties. In point of fact, based upon discussions with Richard Maltz of Maltz Auctions ("Maltz" or the "Auctioneer"), the Plan Proponent believes that the 107-50 Sutphin Blvd. Property should properly be valued at $450,000-500,000. In addition, based upon discussions with Maltz, the 89-29 191st Street Property is believed to be valued at $625,000-$650,000. Therefore, the aggregate estimated value of the Non-SDF Properties is believed to be in excess of $1,000,000.00.

**Significant Events in the Debtor's Chapter 11 Case**

6.      On June 16, 2016 (the "Petition Date"), the Debtor filed his skeletal petition, and the Bankruptcy Court directed that the Debtor file all outstanding schedules by or before June 30, 2016.

7.      On December 7, 2016, the Debtor filed his first Disclosure Statement [ECF No.82] (the "Debtor's Disclosure Statement") and Chapter 11 Plan of Reorganization [ECF No. 81] (the "Debtor's Plan").

8.      After this Court made a determination that the Debtor's exclusive periods to file and confirm a plan in this case had terminated, on March 22, 2017 Brisman filed a Liquidating Plan of Reorganization for the Debtor (the "Initial Brisman Plan") and Disclosure Statement to Accompany

the Plan (the "Initial Brisman Disclosure Statement") (ECF ## 148 and 149).  The hearing to consider approval of the Initial Brisman Disclosure Statement was scheduled for April 19, 2017.

9. In accordance with colloquy the undersigned counsel had with the Court at the hearing held on April 19, 2017 in connection with approval of the Initial Brisman Disclosure Statement, Brisman revised the Initial Brisman Plan and Initial Brisman Disclosure Statement to provide for a public sale of all of the Debtor's assets.

10. On May 3, 2017, the undersigned counsel for Brisman filed a First Amended Liquidating Plan of Reorganization for the Debtor and Disclosure Statement to Accompany the Plan (the "First Amended Brisman Disclosure Statement")  (ECF ## 183 and 184).

11. On August 17, 2017, the undersigned counsel for Brisman filed the Second Amended Brisman Disclosure Statement (the "Disclosure Statement") and Second Amended Brisman Plan (the "Plan"), along with redlined copies (ECF ##248-253), and circulated the documents to all interested parties by email.  On September 8, 2017, this Court approved the Disclosure Statement (ECF# 256).

12. To further the plan process which contemplates a liquidation of all of the Debtor's assets, on August 28, 2017, Brisman filed and served an application seeking to approve his retention to employ Maltz. (ECF# 254).  The Order was approved by this Court on October 19, 2017 (ECF# 274).

13. At a hearing held before this Court on October 11, 2017, this Court confirmed the Second Amended Brisman Plan, over the verbal objections of the Debtor, and denied the Dismissal Motion.  On November 2, 2017, this Court signed an order confirming the Second Amended Brisman Plan (ECF #275).

14. The means by which the Second Amended Brisman Plan will be implemented is through a public auction sale of: (1) the Sutphin Blvd Property; (2) the õ191st Street Propertyö; (3) the Vandi Business; and (iii) the Parsaram Market (collectively, the õAssetsö).

## THE RELIEF SOUGHT

15. By this Motion, Brisman seeks entry of: (i) an order, substantially in the form annexed hereto as **Exhibit A**, (a) approving certain bidding procedures for, and notice of the Sale and the Terms and Conditions of Sale ("Sales Procedures") (a copy of the proposed Sales Procedures is annexed hereto as **Exhibit B**); (b) establishing a procedure for conducting the Sale process; (c) approving the form, time and scope of notice of the Sale, and (d) granting related relief, including entry of an order authorizing and approving the Sale of the Assets to the bidder(s) making the highest or best offer, free and clear of Liens, with such Liens to attach to the proceeds of the Sale in the same amount, priority, and validity existing as of the respective Petition Date.

**The Proposed Sales Procedures**

16. The proposed Sales Procedures include: (a) a deposit of 10% of the amount offered; (b) a buyer's premium of 6% of the gross purchase price; and (c) an increase of the deposit by the successful bidder and payment of the buyer's premium within 2 business days after the auction to bring the total deposit to 10% of the highest offered purchase price plus the buyer's premium.

17. Pursuant to the Bidding Procedures, the initial bids for the Vandi Business is $5000, and the initial bid for the Parasram Market $10,000 each. Further, pursuant to the Bidding Procedures, in order to be permitted to bid on either the Vandi Business; and the Parsaram Market, the Successful Bidder (as that term is defined in the Bidding Procedures) shall (a) deliver a certified check, or bank check, in an amount of at least 10% of the bid price minus the Qualifying Deposit

(the "Down Payment") plus the applicable 6% auctioneer's buyer's premium (the "Buyer's Premium") within 48 hours of the Auction Sale; and (b) pay the Balance (that being defined as the difference between the successful bid and the Qualifying Deposit and Down Payment) of the purchase price for the Vandi Business and/or the Parasram Market to counsel for the Plan Proponent at the closing of title to the Vandi Business and/or the Parasram Market.

18. Subject to approval of the proposed Bidding Procedures and approval of a separate application by the Plan Proponent for a First and Final Allowance Of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred From July 6, 2016 through November 27, 2017, pursuant to section 503(b) of title 11 of the United States Code (the "Section 503(b) Application"), the Plan Proponent shall be entitled to a credit bid for the sale of the Vandi Business for the amount of any award pursuant to the Section 503(b) Application.

19. The successful purchaser must close title to any of the Assets that it purchases at the public auction on a date that is thirty (30) calendar days after the entry of an order (the "Approval Order") approving the sale of the Assets to the Successful Bidder by the Bankruptcy Court (the "Closing Date") although such date may be extended solely by the Plan Proponent in his discretion. No transaction shall be deemed final until approved by the Court.

20. The Court and all interested parties are respectfully referred to the Bidding Procedures for its more precise terms.

**Exemption of Sale of Assets from Transfer Taxes**

21.     Pursuant to section 1146 of the Bankruptcy Code §1146, the "transfer... or the making or delivery of an instrument of transfer under a plan confirmed under section 1129 of this title, may not be taxed under any law imposing a stamp tax or similar tax." See 11 U.S.C. §1146(c).

22.     The sale of the Assets is necessary and integral to the implementation of the confirmed Second Amended Brisman Plan. Consequently, Brisman respectfully submits that the sale of the Assets and distribution of the net proceeds through the confirmed Second Amended Brisman Plan plan falls within the scope of the exemption provided for under Bankruptcy Code §1146(c).

**Determination of Highest or Best Offer**

23.     The successful buyer[s] for the Assets will be the party or parties who tender the highest or best bid, which presents the best opportunity to maximize the value of the Assets for the benefit of the Debtor's estate and his creditors. Any party that is interested in bidding on the Assets must sign a contract substantially similar to the form of the Contract to be provided by the Plan Proponent's attorney, and provide the undersigned Plan Proponent's attorney with a minimum deposit of 10% of the price offered (the "Deposit").

24.     The Deposit must be in the form of a bank check, or wire transfer, made payable to "Shaferman & Feldman LLP Attorney Escrow IOLA Account" and be delivered to the Auctioneer (defined below) in accordance with the deadlines set forth in the Sales Procedures.

25.     The auction will be held at a place and time to be determined in the Plan Proponent's discretion following Court approval of the public sale procedures outlined herein, and the Assets shall be offered for inspection by appointment at reasonable times, requested by an interested party to the Auctioneer, which will make such arrangements. The auction will be governed by the Sales Procedures approved by the Court. The Plan Proponent reserves the right to change the date, time,

and location of the auction after it has been scheduled, provided that appropriate notice is given to creditors and interested parties.

26. The Plan Proponent's obligation to pay a fee to the Auctioneer shall be the subject of a separate application to be heard by the Court upon appropriate notice.

### **STATUTORY PREDICATE FOR RELIEF REQUESTED**

#### **Authority to Sell the Assets**

27. Pursuant to Bankruptcy Rule 6004(f)(1), sales of a debtor's property outside the ordinary business may be by private sale or public auction. The Plan Proponent believes that it is in the best interests of its estate to sell the Assets at a public auction, as set forth in the Bidding Procedures, in order to ensure that it receive the highest and best offer for the Assets.

28. Section 363(b) of the Bankruptcy Code provides that a debtor "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). A debtor's determination to sell or use assets outside the ordinary course of business under section 363, and the procedures employed by a debtor to effect such a sale, are entitled to substantial deference under the business judgment rule. "The business judgment rule's presumption shields corporate decision-makers and their decisions from judicial second-guessing when the following elements are present: (1) a business decision, (2) disinterestedness, (3) due care, (4) good faith, and (5) according to some courts and commentators, no abuse of discretion or waste of corporate assets." In re Integrated Resources, Inc., 147 B.R. 650, 656 (S.D.N.Y. 1992) (internal quotation marks omitted); *see also* In re Boston Generating, LLC, 440 B.R. 302, 330 (Bankr.

S.D.N.Y. 2010); Licensing By Paolo. Inc. v. Sinatra (In re Gucci), 126 F.3d 380, 387 (2d Cir. 1997).

29. The Court of Appeals for the Second Circuit first enunciated this standard by stating: "[t]he rule we adopt requires that a judge determining a §363(b) application expressly find from the evidence presented before him at the hearing a good business reason to grant such application." In re Lionel Corp., 722 F.2d at 1070-71.

> the proportionate value of the asset to the estate as a whole, the amount of elapsed time since the filing, the likelihood that a plan of reorganization will be proposed and confirmed in the near future, the effect of the proposed disposition on future plans of reorganization, the proceeds to be obtained from the disposition vis-à-vis any appraisals of the property, which of the alternatives of use, sale or lease the proposal envisions, and most importantly perhaps, whether the asset is increasing or decreasing in value.

Lionel, 722 F.2d at 1071.

30. The Plan Proponent seeks approval to sell the Sutphin Blvd Property and the 191st Street Property, as well as the Debtor's other Assets, free and clear of any and all liens, claims or encumbrances in accordance with section 363(f) of the Bankruptcy Code. A trustee may sell property to section 363(b) and 363(f) "free and clear of any interest in such property of an entity other than the estate" if one of the following conditions are satisfied:

> •  applicable non-bankruptcy law permits sale of such property free and clear of such interest;
> •  such entity consents;
> •  such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> •  such interest is in bona fide dispute; or
> •  such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. §363(f).

31.   The Plan Proponent believes that the sale of the Sutphin Blvd Property and the 191st Street Property will pay the allowed claims of secured claims, in full.  In the Sales Procedures, the minimum bid for the Sutphin Blvd Property is being set at $325,000, and the minimum bid for 191st Street Property is being set at $425,000.  The Plan Proponent does not believe that there are any claims secured by any of the Debtor's other Assets

32.   Consequently, the Plan Proponent proposes that the Assets be sold to all liens be transferred to and attach to the proceeds of the sale, subject to the rights, claims, defenses, and objections, if any, and that Purchaser be deemed a "good faith purchaser" under section 363(m) of the Bankruptcy Code

33.   The Plan Proponent is also seeking to sell the Assets, including the Real Property, "As Is" "Where Is" without any representations or warranties of any kind.

34.   Subsequent to the Sale, the Plan Proponent intends to seek confirmation of the successful bidder(s) in the following manner:

(i)   within 72 hours after the close of the auction, the Plan Proponent will file a declaration (the "Sale Declaration") in further support of the Sale that will include the actual marketing efforts undertaken leading up to the Sale and a detailed report of the Sale, including, but not limited to the:

   (a)   number of registered, qualified bidders at the auction and how many of those bidders actually submit one or more bids during the auction;

   (b)   highest or best offer(s) received at the auction (the "High Bid") along with the identity of the bidder(s); and

    (c) total amount of liens potentially asserted against the Assets as compared against the High Bid for purposes of supporting the Sale under Bankruptcy Code § 363(f);

(ii) substantially contemporaneous with the filing of the Sale Declaration, the Plan Proponent shall present a proposed sale order on seven (7) additional daysø notice by first class mail (the "Sale Order Presentment").

35. Furthermore, as part of the Sale Declaration, the Plan Proponent anticipates supplementing this Motion with evidence supporting a finding that the party making the highest or best offer at such public sale, acted in good faith and that the protections of a good faith purchaser under section 363(m) of the Bankruptcy Code are appropriate. In connection with the Sale Order Presentment, the Auctioneer's Report of Sale will also be filed.

**Assignment of Contracts and Leases**

37. Bankruptcy Code §365 states in relevant part that "... the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. §365(a). The ability to assume or reject an unexpired contract or lease allows a debtor to examine its unexpired contracts and leases and decide which ones it would be beneficial to adhere to and which ones it would be beneficial to reject. See, e.g., Orion Pictures Corporation v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1098 (2d. Cir. 1993). This decision involves a debtor's "business judgment," which, in essence, determines whether "[assuming] the contract would be a good business decision or a bad one." Id. at 1099.

38. The Plan Proponent requests that, as provided for in the confirmed Plan in this case and in conjunction with the Sale, he be permitted to assign to the successful purchaser(s) any and all executory contracts and unexpired leases relating to the Assets.

39. Accordingly, the Plan Proponent, in his business judgment, seeks authority to assume and assign any and all executory contracts and unexpired leases relating to the Assets to the successful purchaser at the Auction.

40. Based upon the foregoing, the Plan Proponent submits that the Sale of the Assets, as outlined herein, to the person or entity making the highest or best offer for the Assets, is and will be an exercise of sound business judgment, is in the best interests of the Debtor's estates, and its creditors, and should be approved in all respects.

## NOTICE PROCEDURES

41. In addition to the Auctioneer's marketing and advertising efforts, the Plan Proponent is providing additional, separate service of this Motion and accompanying documents. The Plan Proponent has served a Notice of Hearing, this Motion, and all Exhibits attached hereto, upon: (i) the United States Trustee; (ii) all creditors listed on the Debtors' bankruptcy petitions or that have filed proofs of claim in the Debtors' cases; (iii) all parties having requested notices in the Debtor's case; and (iv) all appropriate taxing authorities. The Plan Proponent respectfully represents that service in the aforementioned manner is sufficient under these circumstances to notice the Sale and Sales Procedures.

42. No previous application for the relief requested in this Motion has been made to this or any other Court.

**WHEREFORE**, the Plan Proponent respectfully requests that this Court enter: (i) an order, substantially in the form annexed hereto as Exhibit A, (a) approving the Sales Procedures; (b) establishing a procedure for conducting the Sale process; (c) approving the form, time and scope of notice of the Sale, and (d) granting related relief; and (ii) an order authorizing and approving the

Sale of the Assets to the bidder(s) making the highest or best offer, free and clear of Liens, with such Liens to attach to the proceeds of the Sale in the same amount, priority, and validity existing as of the respective Petition Dates, along with such other and further relief as this Court finds just and proper under the circumstances.

DATED:   New York, New York
          November 28, 2017

                         SHAFFERMAN & FELDMAN LLP
                         Counsel for Randy Brisman, as Plan Proponent
                         137 Fifth Avenue, 9th Floor
                         New York, New York 10010
                         (212) 509-1802
                         By: <u>Joel M. Shafferman</u>
                           Joel M. Shafferman (JMS-1055)