**Adjourned Hearing Date & Time**
**November 19, 2019 at 10:30 a.m.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In Re:                                          Confirmed Chapter 11

DEONARINE PARASRAM D/B/A            Case No. 16-42657 (CEC)
VANDI SALES D/B/A
PARASRAM STORE,

                              Defendants.
------------------------------------------------------------x

RANDY BRISMAN, AS PLAN PROPONENT

                         Plaintiff,
              -against-                         Adv. Pro. No. 18-01112 (CEC)

SURESH N. PERSAUD AND
HAMIRAJ PERSAUD,

                         Defendants.

------------------------------------------------------------x

# PLAINTIFF'S REPLY TO OBJECTION TO
# MOTION FOR SUMMARY JUDGMENT AND TO
# <u>DISALLOW CLAIMS</u>

Plaintiff Randy Brisman, the Plan Proponent in the above-referenced Chapter 11 case ("Plaintiff" or "Brisman"), as and for his reply[1] to the memorandum of law objecting to Brisman's

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in Brisman's Memorandum of Law, dated October 2, 2019 (the "October 2, 2019 Brisman MOL")
.

1

motion for summary judgment and objection to claim of Suresh N. Persuad and Haimraj Persuad, dated October 2, 2019 (the "Persuad Memorandum"), respectfully states as follows:

## A. The Purported First Loan

1. Pages 6-7 of the Persuad Memorandum are a "game changer" since therein Persuad, discloses, for the first time, that the Three Checks, which supports the alleged principal claim of $150,000 for the Purported First Loan were actually issued by the Persuads to the Lees and Bhariam and, most importantly were in no way connected to the Hollis Property Mortgage and that the mortgage to the Lees has been satisfied. Therefore, there is no underlying debt with respect to the Purported First Loan and the Hollis Property Mortgage is a mortgage without a debt instrument. As such, the Purported First Loan should be expunged or the amount of the Purported First Loan should be reduced to zero.

2. In documents filed with this Court including: (1) the Persuad's Amended Claims; (2) the Affidavit of Haimraj Persuad, sworn to on August 1, 2019 [Adv. Pro. ECF #21] and documents produced in discovery, the Persuads have consistently stated that the Three Checks were the evidence of the debt underlying the Purported First Loan. However, on October 1, 2019, which is almost two (2) years after the first of the Amended Claims were filed, the Persuads have changed their rendition of the facts and admitted what Brisman had been asserting all along, which is that the Three Checks have absolutely nothing to do with the Purported First Loan.

### i. What Actually Happened.

4. On or around September 16, 2003, the Debtor purchased the real property known as and located at 178-08 & 178-110 Jamaica Avenue, Jamaica, New York (Block: 10317, Lot

10)("the 178-08 Property") from J. Lee & K. Lee Realty Co., Inc. The deed for the transfer of the 178-08 Property from J. Lee & K. Lee Realty Co., Inc. to the Debtor (the "Deed") was recorded on December 30, 2003. (Attached hereto as **Exhibit "A"** is a true and correct executed copy of the duly executed Deed, which was recorded with the City Register on December 30, 2003 under CRFN 2003000538982).

5. As part of the funding for the Debtor's purchase of the 178-08 Property[2], the Persuads remitted the Three Checks, in the collective amount of $150,000, copies of which are attached hereto as **Exhibit "B"**, to J. Lee & K. Lee Realty Co and "cy Bhairam, as atty" (the "Persuad $150,000 Principal Loan").

6. To secure repayment of the "Persuad $150,000 Principal Loan, the Debtor executed and delivered to Suresh N. Persuad & Zoreena Persuad a Mortgage which encumbered the 178-08 Property in the principal sum of $150,000.00 (the "Persuad 178-08 Mortgage"). (Attached hereto as **Exhibit "C"** is a true and correct copy of the duly executed Persuad 178-08 Mortgage, which was recorded with the City Register on December 27, 2007 under CRFN 2003000538983).

7. On or about December 12, 2007, Flushing Savings Bank ("FSB") made a loan to the Debtor, in the original principal sum of $480,000 (the "FSB Loan"). The FSB Loan was evidenced by an Adjustable Rate Mortgage Note (the " FSB 178-08 Note") dated December 12, 2007, which was duly executed and delivered to FSB by the Debtor. To secure repayment of the indebtedness evidenced by the FSB 178-08 Note, on or about December 12, 2007, the Debtor

---

[2] According to ACRIS, the purchase price for the 178-08 Property was $450,000.

further executed and delivered to FSB, a Mortgage (the "FSB 178-08 Mortgage"), which encumbered the 178-08 Property in the principal sum of $480,000.00. (A true and correct copy of the duly executed FSB 178-08 Mortgage, which was recorded with the City Register on December 27, 2007 under CRFN 2007000628093 is annexed hereto as **Exhibit "D"**.

8. On or about December 12, 2007, Suresh N. Persuad & Zoreena Persuad executed a satisfaction of the Persuad 178-08 Mortgage (the Persuad Satisfaction"), and therefore, the Persuad $150,000 Principal Loan was paid. (A true and correct copy of the duly executed the Persuad Satisfaction, which was recorded with the City Register on December 12, 2007 under CRFN 2007000628095, is annexed hereto as **Exhibit "E"**.) Eventually, SDF62 Jamaica Avenue LLC was assigned the FSB Mortgage and sold the 178-08 Property in a foreclosure action. (Attached hereto as **Exhibit "F"** is a copy of the ACRIS Report detailing the history of the 178-08 Property from January 5, 1990 through the current date, in chronological order.)

9. The foregoing conclusively proves that the Three Checks have absolutely nothing to do with the Purported First Loan and the Persuad Mortgage on the Hollis Property. The foregoing also conclusively proves that the Debtor's obligation to the Persuads arising from the Three Checks was fully satisfied almost twelve (12) years ago.

10. Based upon all of the documents filed and the history and repayment of the obligation created by the Three Checks, the end result is that the Debtor allowed the Persuads to place a mortgage on the Hollis Property for no consideration. The Persuads have failed to provide any documentation showing that any money went from them to the Debtor as consideration for the

Persuad lien on the Hollis Property. Therefore, the Persuads hold no secured claim, in any amount, on the Hollis Property.

11.     As this Court is well aware, the Persuads filed proofs of claim and sworn statements with this Court insisting that the Three Checks were the consideration underlying the Purported First Loan. The Persuads only changed their rendition of the facts as a result of Brisman's relentless efforts to undercover the truth as to bona fides of the Purported First Loan. Now, two (2) years after the Persuads filed the Amended Claim, they make the incredible statement that they "are actively looking for checks for this property, they have not been able to locate them for now." (Persuad Memorandum, page 7). If the Persuads were able to produce the Three Checks, which were issued three (3) years before the Debtor's purchase of the Hollis Property, there is no reason why they are unable to produce a copy of the check[s] evidencing the Purported First Loan. They have had a sufficient opportunity to produce such check[s] if they existed.

12.     For two years, the Persuad relied on the Three Checks to evidence the consideration for the Purported First Loan. At this point in time, the Persuads should be barred from submitting any further documentation to support the Purported First Loan, if any such documentation even existed. If the Persuads produce any new documents or checks purporting evidence of payment of the Purported First Loan, Brisman reserves all of his rights to file further responsive papers.

12.     If Brisman had not been vigilant in opposing the Persuads' Amended Claim, the Persuad's would have succeeded in perpetrating a fraud on this Court since they would have received monies to which they are not entitled to the detrimental of the Debtor's unsecured

creditors. The remedy, at minimum, for this attempted fraud is the entry of an order expunging the First Loan or reducing the amount of the First Loan to zero.

## B.    The Second Loan

13.    In pages 8 -9 of the Persuad Memorandum, Persuad claims that the Second Loan should be subject to equitable tolling. However, this argument should be rejected by this Court because the Persuads have failed to produce any evidence, whatsoever, that would be necessary to meet the high standard necessary for the doctrine of equitable tolling to apply.

14.    In New York, the statute of limitations can be tolled "only if a debtor pays the creditor under circumstances indicting an unequivocal intention to pay the balance." Ackerman v. Ackerman, 908 F.Supp.2d 540, 544 (S.D.N.Y. 2012)(quoting Schmidt v. Polish People's Republic, 742 F.2d 67, 71 (2d Cir.1984)). "In order that a part payment shall have the effect of tolling a time-limitation period, under the statute or pursuant to contract, it must be shown that there was a payment of a portion of an admitted debt, made and accepted as such, accompanied by circumstances [that] amount to an absolute and unqualified acknowledgment by the debtor of more being due, from which a promise may be inferred to pay the remainder". Ackerman v.Ackmerman, 908 F.Supp.2d at 544 (quoting Lew Morris Demolition Co. v. Bd. of Educ., 355 N.E.2d 369, 371 (1976)). Part payment without express acknowledgement of defendant's indebtedness will not renew the statute of limitations." Petito v. Piffath, 647 N.E.2d 732, 735 (1994).

15.    The Persuads' assertion (which is contained in a memorandum signed by their counsel, not even a sworn affidavit) that "the Debtor made partial payment even until the eve of

6

the bankruptcy filing, but very minute sums, it was petty cash and he acknowledge that he would continue to make the payment" (Persuad Memorandum, page 8) is insufficient to "permit this Court to infer that the defendant intended unequivocally to satisfy the debt." <u>See</u>, <u>Ackerman v. Ackerman</u>, 908 F.Supp.2d at 545.  In sum, the Persuads' raising the argument of the statute of limitations being tolled is an example of their "grasping at straws" to somehow salvage an unsecured claim that is clearly time barred

      16.     Finally, on page 5 of the Persuad Memorandum, Persuad acknowledges that this Court consolidated the claims objection and the Adversary Proceeding, for procedural purposes which resolved any issue regarding Brisman's not filing a separate objection to the Persuad Claims after filing an objection to the scheduled claim of Persuad [ECF Doc. #241].

      17.     Paragraphs 4-7 of Brisman's Memorandum of Law, dated October 2, 2019 (the "October 2, 2019 Brisman MOL") details the procedural history of the litigation concerning the objection to Persuad's claims, as amended. This procedural history shows that the issues considered by this Court at the September 11, 2019 hearing were raised previously and that the Persuads have had ample opportunities to respond to these issues.  Therefore, the Persuads' assertion that "[n]ow instead of amending the underlying Complaint or coming up with a new motion, Brisman adds other reasons for relief and challenges the very underlying lien" is utter nonsense.  Moreover, everything raised in the October 2, 2019 Brisman MOL was the subject of colloquy at the September 11, 2019 hearing.

## **CONCLUSION**

Based on the foregoing, it is respectfully that this Court issuing an order: (1) granting Plaintiff summary judgment expunging or reducing the Puportedd First Loan; (2) granting Plaintiff summary judgment expunging, reducing, and/or reclassifying the Second Loan; and (3) granting Plaintiff such other and further relief as is just and proper under the circumstances.

**DATED:**   New York, New York
October 16, 2019

                         SHAFFERMAN & FELDMAN LLP
                         Counsel for the Plaintiff
                         137 Fifth Avenue, 9th Floor
                         New York, New York 10010
                         (212) 509-1802

                         By:___/S/ Joel Shafferman_____
                               Joel M. Shafferman (JMS-1055)