UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In Re:                                           Confirmed Chapter 11

DEONARINE PARASRAM D/B/A                         Case No. 16-42657 (CEC)
VANDI SALES D/B/A
PARASRAM STORE,

                         Debtor.
-----------------------------------------------------------x

# STIPULATION AND ORDER GRANTING AN AWARD OF ADDITIONAL LEGAL FEES TO SURESH N. PERSUAD HAMIRAJ PERSUAD ON ACCOUNT OF THEIR SECURED CLAIM

**WHEREAS**, on June 16, 2016, Deonarine Parasram d/b/a Vandi Sales d/b/a Parasram Store, the debtor and debtor in possession (the "Debtor"), filed a voluntary petition for reorganization pursuant to Chapter 11 of the Bankruptcy Code (the "Bankruptcy Code") and has been continued in possession of his business, management of his property and management of his affairs as debtor-in-possession pursuant sections 1107 and 1108 of the title 11 of the United States Code (the "Bankruptcy Code"); and

**WHEREAS**, Randy Brisman, as Plan Proponent ("Brisman"), filed a motion objecting to the Scheduled Claim of Hamiraj Persaud, and thereafter filed subsequent pleadings objecting to claim number 30 filed by Suresh N. Persaud and Hamiraj Persaud (the "Persuads"), and the amendments thereto (the "Persuads' Claim"), and

**WHEREAS**, the Persuads filed pleadings responding to Brisman's objection to the Persuads' claims, and

1

**WHEREAS**, hearings were held before this Court in connection with Brisman's motion objecting to the Persuads' Claim, and at a hearing held before this Court on November 19, 2019, Karam Dahyia, Esq., a member of Dahyia Law Offices LLC, attorneys for the Persuads, advised the Court that the Persuads had incurred legal fees and expenses in addition to the $20,000 of legal fees and expenses inncluded in the Persuads' Claim; and

**WHEREAS**, on February 6, 2020 this Court entered an order [ECF Doc#421] (the "Persuad Claim Order") providing, in part, that "the portion of the Persuad Claim designated therein as the "First Loan" is allowed as a secured claim on the real property known as and located at 89-29 191st Street, Hollis, New York, in the amount of ~~$370,411.20~~ ***$399,193.17 (CEC)*** (claimed amount of $436,697.20 less $66,286.00 paid during pendency of Chapter 11 case) which allowed claim includes attorneys' fees, in the amount of $20,000.00"; and

**WHEREAS**, the "Persuad Claim Order also provide, in part, that the "order is without prejudice to Suresh N. Persaud and Hamiraj Persaud filing an application with this Court seeking an additional award of reasonable attorney fees with respect to the First Loan as long as such application is made upon appropriate notice and is in compliance with the applicable sections of title 11 of the United States Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of the United States Bankruptcy Court for the Eastern District of New York"; and

**WHEREAS**, Brisman opposed the amount of additional legal fees sought by the Persuads; and

**WHEREAS**, Brisman and the Persuads have agreed to resolve this matter amicably, rather than engage in expensive and time consuming litigation;

**NOW, THEREFORE,** it is hereby stipulated, consented and agreed by and between the undersigned, subject to this Court's authorization, as follows:

1. The Persuads shall have an additional allowed secured claim with respect to the First Loan, in the amount of $25,000.

2. Brisman, through his counsel Shafferman & Feldman LLP, shall remit the sum of $25,000.00 to "Dahiya Law Offices LLC as attorneys for Suresh N. Persaud and Hamiraj Persaud" within five (5) days after entry of this Order.

3. This Stipulation may be signed in counterparts, by fax or original signature and such counterparts when taken together shall constitute one original.

4. The rights and obligations of the parties to this Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of such interested party.

5. This Settlement Agreement shall not be amended or modified except by a written amendment executed by the Parties.

*INTENTIONALLY LEFT BLANK (CEC)*

6. The persons executing this Settlement Agreement acknowledge that they have the authority to do so and that the appropriate corporate authorization has been obtained.

**DATED:** New York, New York
February 10, 2020

    Shafferman & Feldman LLP
    Attorneys for Randy Brisman
    137 Fifth Avenue, 9th Floor
    New York, New York 10010
    (718) 852-8849

    By: /S/ Joel M. Shafferman
        Joel M. Shafferman


    Dahiya Law Offices LLC
    Attorneys for Suresh N. Persaud
    and Hamiraj Persaud
    75 Maiden Lane Suite 506
    New York NY 10038

    By Karam Dahiya
        Karam Dahyia

*SO ORDERED*



Dated: Brooklyn, New York
March 5, 2020

        /s/ Carla E. Craig
        **Carla E. Craig**
        **United States Bankruptcy Judge**